[Cite as *State v. Ferguson*, 2016-Ohio-8414.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 15 JE 0008 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| JASON FERGUSON | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from the Court of Common Pleas of Jefferson County, Ohio
Case Nos. 13 CR 136, 14 CR 10, 14 CR 166, 14 CR 170

JUDGMENT: Affirmed.

APPEARANCES:

For Plaintiff-Appellee: Atty. Jane M. Hanlin
Prosecuting Attorney
Atty. Edward L. Littlejohn
Assistant Prosecuting Attorney
Jefferson County Justice Center
16001 State Route 7
Steubenville, Ohio 43952

For Defendant-Appellant: Atty. Bernard C. Battistel
2021 Sunset Boulevard
Steubenville, Ohio 43952

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated: December 27, 2016

WAITE, J.

{¶1} Appellant Jason Ferguson appeals his March 13, 2015 sentencing entry from the Jefferson County Court of Common Pleas imposing two consecutive maximum prison sentences and a mandatory lifetime Class I Driver's License Suspension. This sentencing followed Appellant's guilty plea to two counts of failure to comply with an order or signal of a police officer, violations of R.C. 2921.331(B) & (C)(1) & (5)(a)(ii), felonies of the third degree, and a community control violation. Appellant committed the two underlying crimes roughly six months after being convicted and sentenced to community control for the very same crime. Appellant contends that his sentence is contrary to law and that the trial court erred when it failed to inform him that he faced a lifetime driver's license suspension before he entered his plea. For the following reasons, the judgment of the trial court is affirmed.

Facts and Procedural History

{¶2} Appellant has had an alcohol and drug problem for most of his adult life, which he attributed to his use of prescription pain medication after suffering severe injuries in a car accident and then, years later, in an industrial accident.

{¶3} On or about June 13, 2013, Appellant led police on a high-speed chase, driving in the wrong direction on State Route 7 in Jefferson County, a four-lane divided highway. He was indicted on one count of failure to comply with an order or signal of a police officer on September 4, 2013. (Case No. 13-CR-136).

{¶4} On or about December 25, 2013 and while case no. 13-CR-136 was pending, Appellant, aware that he was under arrest for domestic violence, fled from police on foot. He was indicted on January 30, 2014 on one count of escape, in

violation of R.C. 2921.34(A)(1), a felony of the fifth degree, and one count of resisting arrest, in violation of R.C. 2921.33(B), a first degree misdemeanor. (Case No. 14-CR-10).

{¶5} Appellant entered a guilty plea to all three of the charges in the indictments. On February 13, 2014, in a joint judgment entry sentencing Appellant in both cases, the trial court imposed a sentence of five years of community control beginning with intensive supervision, a $7,500.00 fine, and a lifetime weapons disability ban. Further, Appellant's Class I Driver's License was suspended for three years without eligibility for occupational privileges.

{¶6} Roughly six months later, in August of 2014, Appellant led police on another high speed chase, travelling at speeds in excess of 100 miles per hour. On December 3, 2014, he was indicted on three counts of felonious assault, in violation of R.C. 2903.11(A)(2), felonies of the first degree, due to an altercation with members of the Ohio State Highway Patrol, and one count of failure to comply with order or signal of a police officer. (Case No. 14-CR-170).

{¶7} On November 5, 2014, while Case No. 14-CR-170 was pending, Appellant led police on a third high speed chase through portions of Ohio, West Virginia, and Pennsylvania, at speeds in excess of 100 miles per hour. The chase ended when a West Virginia police officer intentionally collided with the vehicle that Appellant was driving. Appellant was indicted on December 3, 2014 on one count of failure to comply with order or signal of a police officer. (Case No. 14-CR-166).

{¶8}    On March 11, 2015, Appellant appeared in open court for a hearing on the revocation of his community control, a change of plea, and sentencing.  At this combined hearing, Appellant pleaded guilty to two counts of failure to comply with an order or signal of a police officer, as well as the community control violation in case no. 13-CR-136.  In exchange for Appellant's guilty plea, the state dismissed the three felonious assault charges stemming from case no. 14-CR-170.  There was no agreed recommendation of sentence.

{¶9}    R.C. 2921.331, captioned:  "Failure to comply with order or signal of police officer," reads, in pertinent part:

(A)  No person shall fail to comply with any lawful order or direction of any police officer invested with authority to direct, control, or regulate traffic.

(B)  No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop.

(C)(1)  Whoever violates this section is guilty of failure to comply with an order or signal of a police officer.

* * *

(5)(a)  A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt:

(i)  The operation of the motor vehicle by the offender was a proximate cause of serious physical harm to persons or property.

(ii)  The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property.

**{¶10}** The state argued that Appellant caused substantial risk of physical harm with each high speed chase, particularly the November 5, 2014 incident, which lasted for approximately fifteen minutes.  The state explained that there were numerous cars on the road and that Appellant drove through a construction zone. Based on the seriousness of the offenses, the likelihood of recidivism, and Appellant's criminal history, which was littered with misdemeanor drug, assault, domestic abuse, and resisting arrest charges dating back to 1992, the state argued in favor of consecutive 30-month sentences for each of the substantive crimes, as well as the community control violation, for a cumulative sentence of ninety months, or seven-and-one-half years.

**{¶11}** Defense counsel argued that the state's proposed sentence would put Appellant in a category with violent offenders.  He claimed that Appellant had committed victimless, weaponless crimes because no one was injured in any of the high speed chases.  Defense counsel characterized Appellant's crimes as "[t]hree glorified car chases." (3/11/15 Hrg. Tr., p. 36.)  Because the pleas in case nos. 13-CR-136 and 14-CR-10 resulted in Appellant's first felony conviction, defense counsel also argued that "there's a substantial period of time there where he was a law-abiding citizen." *Id.*

{¶12} Appellant's counsel explained, "[s]o, what happened? What happened here is, the answer is a drug issue. * * * You know, he sought treatment. He was on medication. He was doing well. For insurance reasons through his job, he lost that. And then the cycle of abuse continued." *Id.* Defense counsel informed the court that Appellant had been employed since 1992, and that his father had died shortly before the substantive crimes were committed.

{¶13} Counsel then addressed each of the sentencing factors in R.C. 2929.12(B)-(E). He identified each of the aggravating factors and argued that none applied. He identified each of the mitigating factors, and argued that Appellant did not cause or expect to cause harm. Counsel identified each of the recidivism factors. Although he conceded that Appellant was on probation when he committed the most recent offenses and that he had demonstrated a pattern of drug and alcohol abuse, defense counsel argued that drug treatment was appropriate because "[p]rison is not going to solve anything." *Id.* at 40. Finally, counsel stated that the crimes occurred "under circumstances that are unlikely to occur again, because [Appellant] certainly won't be driving again." *Id.*

{¶14} Appellant asked the trial court for drug treatment to overcome his addiction to prescription pain medication. He explained that he relied on pain medication to be able to work, and that the final offense was committed after he attempted to get admitted to a drug rehabilitation facility but was told that a bed would not be available until the following day. He threw himself on the mercy of the trial court and he promised that he would not make another mistake. Appellant said

that "a prison sentence for me at 44 years old, it would be a death sentence." *Id.* at 46. His ailing mother was in the courtroom, and he argued that she would not survive to see him released from prison. Appellant asked for another chance and entered a plea of guilty for both substantive crimes and the community control violation.

{¶15} Prior to imposing sentence, the trial court judge stated, "if this was just a drug case, [the trial court would] be with [Appellant] all the way. But it's not." *Id.* at 52. The court reasoned that "the drug case, he puts himself at risk. This, he put everybody else at risk. * * * Blind, dumb luck is why no one is dead. Blind, dumb luck three times." *Id.* Because Appellant was on community control when the substantive crimes were committed, the judge concluded that "he does pose the greatest chance of recidivism." *Id.* at 53. Accordingly, Appellant's community control was revoked and the court imposed consecutive maximum terms of imprisonment for each of the substantive crimes and imposed a consecutive one-year term for Appellant's community control violation in case no. 13-CR-136, resulting in a cumulative sentence of seven years.

{¶16} During a colloquy regarding community control, Appellant was asked if the judge had forgotten to inform him of any aspect of his plea. When the probation officer informed the trial court that it had omitted notice of the license suspension prior to the entry of Appellant's plea, the trial court stated, "[A]nd I should have told you [about the lifetime license suspension] before you entered the plea, and I didn't. So, if you want to back out of this whole mess, you get to." *Id.* at 57.

**{¶17}** Initially, Appellant expressed a desire to withdraw his plea. Appellant was told that the alternative to the plea was a trial. Appellant responded that he could not "do seven years." *Id.* at 57-58.

**{¶18}** The trial court judge reiterated, "[i]f he wants to back out, he gets to, because I didn't tell him about the lifetime license suspension. We'll go to trial, if that's what you want to do." *Id.* at 58. The judge suggested a 10-minute recess in order to allow Appellant to confer with his counsel and consider his options. When the hearing resumed, defense counsel stated, "I've discussed it with my client. We're satisfied. * * * We want the sentence imposed by the Court." *Id.* at 59.

**{¶19}** Appellant interrupted the exchange, stating: "No. I don't want to do seven years." *Id.* The judge responded, "[w]ell, I know you don't want to do seven years. Here are your choices: You can do the seven years or you can go to trial and see what happens." *Id.* Appellant responded, "[s]even years." *Id.* at 60. The judge concluded, "[s]o it's everything I just said, plus the lifetime license suspension." *Id.*

**{¶20}** In a joint judgment entry of sentence for both cases filed on March 13, 2015, the trial court imposed a prison term of seven years and a mandatory lifetime Class I Driver's License Suspension. This timely appeal followed.

## Analysis

**{¶21}** Appellant advances two assignments of error. The first assignment is based on the length of his prison sentences. The second involves the trial court's failure to notify him regarding the imposition of a lifetime Class I Driver's License Suspension prior to the entry of his guilty plea.

## FIRST ASSIGNMENT OF ERROR

THE IMPOSITION OF THE MAXIMUM PERIOD OF INCARCERATION AGAINST THE DEFENDANT IS CONTRARY TO O.R.C. §2929.11 AND §2929.12.

**{¶22}** An appellate court is permitted to review a felony sentence to determine if it is contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. However, "an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id.* at ¶ 23.

**{¶23}** When determining a sentence, a trial court must consider the purposes and principles of sentencing in accordance with R.C. 2929.11, the seriousness and recidivism factors within R.C. 2929.12, and the proper statutory ranges set forth in R.C. 2929.14. Although Appellant does not raise it as an assignment of error, the trial court here indicated that it had considered the principles of R.C. 2929.11 and R.C. 2929.12 within its judgment entry, but did not do so at the hearing. We have previously held that:

> [R]eversal is not automatic where the sentencing court fails to provide reasons for its sentence or fails to state at sentencing or in a form judgment entry, "after considering R.C. 2929.11 and 2929.12". We return to the *Adams* rule that a silent record raises the rebuttable presumption that the sentencing court considered the proper factors. We hereby adopt the Second District's statement that where the trial

court's sentence falls within the statutory limits, "it will be presumed that the trial court considered the relevant factors in the absence of an affirmative showing that it failed to do so" unless the sentence is "strikingly inconsistent" with the applicable factors. (Emphasis deleted.)

*State v. Grillon*, 7th Dist. No. 10 CO 30, 2012-Ohio-893, ¶ 131 citing *State v. James*, 7th Dist. No. 07-CO-47, 2009-Ohio-4392, ¶ 50. Hence, we presume the trial court considered R.C. 2929.11 and R.C. 2929.12, even in the absence of specific language.

**{¶24}** Although there is no reference to either R.C. 2929.11 or R.C. 2929.12 in the hearing transcript, defense counsel addressed the relevance of each and every subsection of R.C. 2929.12(B)-(E) before the trial court imposed sentence. Moreover, the judge cited the likelihood of recidivism as its rationale for imposing the maximum sentence allowed by law for the substantive crimes. At the hearing, the judge stated:

The second and third offenses were while he was on community control from the first. That's horrible.

I think he does pose the greatest chance of recidivism. He keeps messing up, and then telling us what a great guy he is and it's not his fault.

I -- I would be with him if all he had was a pocket full of what some doctor prescribed for him, and I would want to fix that. But I can't have him kill somebody while we're trying to fix his drug problem.

(3/11/15 Hrg. Tr., pp. 53-54.) As such, this record demonstrates the trial court's consideration of R.C. 2929.11 and R.C. 2929.12.

**{¶25}** Next, there is clear and convincing evidence in the record supporting the trial court's imposition of maximum sentences for the substantive crimes. In less than two years, Appellant committed the same crime on three separate occasions. Moreover, the commission of the substantive crimes in this case occurred while he was serving a community control sentence for the identical crime. In addition to the fact that Appellant was on community control at the time, his driver's license was suspended when he committed the two underlying crimes for which he was sentenced. Of greatest concern, the crimes, as described by the trial court and state, reveal an incalculable and escalating degree of danger to the general public. Defense counsel's argument that Appellant led a law-abiding life for a significant number of years completely ignored his substantial misdemeanant history since 1992.

**{¶26}** Simply stated, Appellant demonstrated a marked inability to control his own behavior and a blatant disregard for the safety of others, not once, but three separate times in less than two years. The imposition of the maximum allowable sentences under Ohio law is supported by clear and convincing evidence in the record.

**{¶27}** Finally, as to the statutory guidelines, the maximum penalty for a third-degree felony is three years in prison. As Appellant was sentenced to three years on each count, the trial court's sentence is the maximum sentence available in the permissible range.

**{¶28}** In summary, the trial court considered the factors in R.C. 2929.11 and 2929.12 prior to imposing sentence in this case, and the record contains clear and convincing evidence supporting the imposition of the maximum sentences. For the foregoing reasons, Appellant's first assignment of error is without merit and is overruled.

<u>SECOND ASSIGNMENT OF ERROR</u>

THE TRIAL COURT ERRED IN NOT INITIALLY INFORMING THE DEFENDANT THAT HE FACED A LIFETIME DRIVER'S LICENSE SUSPENSION BEFORE ACCEPTING HIS PLEA.

**{¶29}** A plea of guilty or no contest must be made knowingly, intelligently and voluntarily for it to be valid and enforceable. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25. In order to ensure that a plea in a felony case is knowing, intelligent and voluntary, Crim.R. 11(C)(2) requires the trial judge to address the defendant personally to review the rights that are being waived and to discuss the consequences of the plea.

**{¶30}** Crim.R. 11(C)(2)(c) requires the court to review five constitutional rights that are waived when entering a guilty or no contest plea in a felony case: the right to a jury trial, the right to confront one's accusers, the privilege against compulsory

self-incrimination, the right to compulsory process to obtain witnesses, and the right to require the state to prove guilt beyond a reasonable doubt. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 19. A trial court must strictly comply with Crim.R. 11(C)(2)(c) when advising the defendant of the constitutional rights that are being waived in entering a felony plea. *Id.* at syllabus. Prejudice is presumed if the court fails to inform the defendant of any of the constitutional rights listed in Crim.R. 11(C)(2)(c). *Id.* at ¶ 29.

{¶31} A defendant must also be informed of his nonconstitutional rights prior to entering a guilty plea, which include the nature of the charges with an understanding of the law in relation to the facts, the maximum penalty, and that after entering a guilty plea or a no contest plea the court may proceed to judgment and sentence. Crim.R. 11(C)(2)(a)(b). The nonconstitutional requirements of Crim.R. 11 are subject to review for substantial compliance rather than strict compliance. *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 11-12. "Substantial compliance means that under the totality of the circumstance, the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). Further, "failure to comply with nonconstitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice." *Griggs*, supra, at ¶ 12.

{¶32} Here, the trial court recognized its error in failing to notify Appellant that he was subject to a lifetime Class I Driver's License Suspension prior to accepting his plea. Accordingly, the trial court provided Appellant with an opportunity to withdraw

the plea. When it was clear that Appellant needed additional time to consider his options and to either enter a guilty plea or withdraw the plea and go to trial, the trial court recessed in order to allow Appellant to confer with his counsel.

**{¶33}** The record establishes that Appellant was given an opportunity to withdraw his plea, with the knowledge of both the imposition of the seven-year prison sentence and the lifetime license suspension. Appellant chose instead to enter a guilty plea to the substantive crimes and the community control violation. Based on the totality of the circumstances, the trial court substantially complied with Crim.R. 11 and Appellant understood both the implications of his plea and the rights he was waiving. Therefore, Appellant's second assignment of error is without merit and is overruled.

Conclusion

**{¶34}** In summary, the trial court considered the factors in R.C. 2929.11 and 2929.12 prior to imposing sentence in this case, and the record contains clear and convincing evidence supporting the imposition of the maximum sentences. Likewise, the trial court substantially complied with Crim.R. 11, and Appellant subjectively understood the implications of his plea and the rights he was waiving. Therefore, the judgment of the trial court is affirmed.

Donofrio, P.J., concurs.

Robb, J., concurs.