[Cite as *State v. Nienberg*, 2017-Ohio-2920.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PUTNAM COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,              CASE NO. 12-16-15

      v.

STEVEN J. NIENBERG,              O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,              CASE NO. 12-16-16

      v.

STEVEN J. NIENBERG,              O P I N I O N

      DEFENDANT-APPELLANT.

**Appeals from Putnam County Common Pleas Court**
**Trial Court Nos. 2016CR00059 and 2016CR00027**

**Judgments Affirmed**

**Date of Decision:   May 22, 2017**

APPEARANCES:

      *Heather S. Kocher* **for Appellant**

      *Lillian R. Shun* **for Appellee**

**PRESTON, P.J.**

{¶1} Defendant-appellant, Steven J. Nienberg ("Nienberg"), appeals the November 23, 2016 judgment entries of sentence of the Putnam County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} This case stems from a February 19, 2016 bar fight at Wibby's Bar in Kalida, Ohio at which it was alleged that Nienberg and Nienberg's co-defendant, Kevin Arnone, assaulted three patrons of Wibby's Bar. (Case No. 16CR27, Doc. No. 20). On March 17, 2016, the Putnam County Grand Jury indicted Nienberg on one count of felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony. (Case No. 16CR27, Doc. No. 1). The case was assigned case number 16CR27. (*Id.*). On March 22, 2016, Nienberg appeared for arraignment and entered a plea of not guilty. (Case No. 16CR27, Doc. Nos. 8, 16).

{¶3} While case number 16CR27 was pending, Nienberg was allegedly involved in another bar fight on August 6, 2016 at Legends Bar in Ottawa, Ohio. (*See* Case No. 16CR27, Doc. No. 39); (PSI at 5). In that incident, it was alleged that Nienberg and co-defendant, Danielle Broussard ("Danielle"),—Nienberg's girlfriend—assaulted three victims. (*See* Case No. 16CR27, Doc. No. 39). As a result of the second altercation, on August 15, 2016, the Putnam County Grand Jury indicted Nienberg on two counts of felonious assault in violation of R.C. 2903.11(A)(1), second-degree felonies. (Case No. 16CR59, Doc. No. 1). That case

was assigned case number 16CR59. (*Id.*). On August 16, 2016, Nienberg appeared for arraignment and entered pleas of not guilty. (Case No. 16CR59, Doc. Nos. 8, 12).

{¶4} On October 20, 2016, pursuant to a negotiated plea agreement, Nienberg withdrew his pleas of not guilty and entered pleas of guilty to an amended count in case number 16CR27 and Count Two in case number 16CR59. (Case No. 16CR27, Doc. No. 79);(Case No. 16CR59, Doc. No. 69); (Oct. 20, 2016 Tr. at 4). In exchange for his change of pleas, the State agreed to amend the count in case number 16CR27 to attempted felonious assault in violation of R.C. 2903.11(A)(1) and 2923.02, a third-degree felony, and to dismiss Count One in case number 16CR59. (*Id.*); (*Id.*); (*Id.*). The trial court amended the count in case number 16CR27, accepted Nienberg's guilty pleas, found him guilty, and ordered a presentence investigation ("PSI"). (*Id.*); (*Id.*); (*Id.* at 5-15).

{¶5} On November 22, 2016, the trial court sentenced Nienberg to 36 months in prison in case number 16CR27 and six years in prison in case number 16CR59. (Case No. 16CR27, Doc. No. 86); (Case No. 16CR59, Doc. No. 76); (Nov. 22, 2016 Tr. at 10). The trial court further ordered that the sentences be served consecutively for a cumulative term of nine years in prison. (Case No. 16CR59, Doc. No. 76); (Nov. 22, 2016 Tr. at 9-10). The trial court filed its judgment entries of sentence on

November 23, 2016. (Case No. 16CR27, Doc. No. 86); (Case No. 16CR59, Doc. No. 76).

**{¶6}** On December 15, 2016, Nienberg filed his notices of appeal. (Case No. 16CR27, Doc. No. 90); (Case No. 16CR59, Doc. No. 80). He raises one assignment of error for our review.

### Assignment of Error

**The trial court below committed error prejudicial to Defendant by failing to properly follow the sentencing criteria set forth in Ohio Revised Code, Section 2929 resulting in Defendant/Appellant receiving a sentence which is contrary to law.**

**{¶7}** In his assignment of error, Nienberg challenges the sentences imposed in both cases and challenges the trial court's order that he serve the sentences consecutively. In particular, he argues that there is clear and convincing evidence that the record does not support the trial court's findings and that his sentence is otherwise contrary to law because "[t]he sentence imposed by the [trial c]ourt is not commensurate with Mr. Nienberg's conduct and is not consistent with the purpose [sic] and principles of felony sentencing" and because "Mr. Nienberg poses no threat to the public or the victims involved in the cases in which he was convicted." (Appellant's Brief at 7).

**{¶8}** Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not

support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶9} First, we will address the sentences imposed in both cases. Nienberg challenges the trial court's imposition of the maximum-prison term in case number 16CR27 and the "extensive" sentence imposed in case number 16CR59. "It is well-established that the statutes governing felony sentencing no longer require the trial court to make certain findings before imposing a maximum sentence." *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 29, citing *State v. Dixon*, 2d Dist. Clark No. 2015-CA-67, 2016-Ohio-2882, ¶ 14 ("Unlike consecutive sentences, the trial court was not required to make any particular 'findings' to justify maximum prison sentences.") and *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 9 ("The law no longer requires the trial court to make certain findings before imposing a maximum sentence."). Rather, "'trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 10, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Saldana*, 3d Dist. Putnam

No. 12-12-09, 2013-Ohio-1122, ¶ 20. As a third-degree felony, attempted-felonious assault carries a sanction of 9 to 36 months imprisonment. R.C. 2903.11(A)(1); R.C. 2923.02; R.C. 2929.13(C); R.C. 2929.14(A)(3)(b). As a second-degree felony, felonious assault carries a sanction of two to eight years imprisonment. *State v. Davis*, 8th Dist. Cuyahoga No. 81170, 2002-Ohio-7068, ¶ 25, citing R.C. 2903.11, 2929.13(D), and 2929.14(A)(2).

**{¶10}** Because the trial court sentenced Nienberg to 36 months in prison in case number 16CR27 and six years in prison in case number 16CR59, the trial court's sentences fall within the statutory ranges. "[A] sentence imposed within the statutory range is 'presumptively valid' if the [trial] court considered applicable sentencing factors." *Maggette* at ¶ 31, quoting *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15.

**{¶11}** "R.C. 2929.11 provides, in pertinent part, that the 'overriding purposes of felony sentencing are to protect the public from future crime and to punish the offender.'" *Id.*, quoting R.C. 2929.11(A). "In advancing these purposes, sentencing courts are instructed to 'consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.'" *Id.*, quoting R.C. 2929.11(A). "Meanwhile, R.C. 2929.11(B) states that felony sentences must be 'commensurate with and not demeaning to the seriousness of the offender's conduct

and its impact upon the victim' and also be consistent with sentences imposed in similar cases." *Id.*, quoting R.C. 2929.11(B). "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Id.*, citing R.C. 2929.12(A). "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12." *Id.* at ¶ 15, quoting *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 18 (6th Dist.), citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

{¶12} "Although the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors listed in R.C. 2929.12, the sentencing court is not required to 'state on the record that it considered the statutory criteria or discuss[ed] them.'" *Id.* at ¶ 32, quoting *State v. Polick*, 101 Ohio App.3d 428, 431 (4th Dist.1995). "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Id.*, citing *State v. Abrams*, 8th Dist. Cuyahoga No. 103786, 2016-Ohio-4570, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 18.

{¶13} Although the trial court did not reference R.C. 2929.11 or 2929.12 at the sentencing hearing, the trial court made the proper statutory considerations. *See State v. Parson*, 3d Dist. Auglaize No. 2-10-27, 2011-Ohio-168, ¶ 16. *See also State*

*v. Brandenburg*, 12th Dist. Butler Nos. CA2014-10-201 and CA2014-10-202, 2016-Ohio-4918, ¶ 10; *State v. Leopold*, 194 Ohio App.3d 500, 2011-Ohio-3864, ¶ 42-44. At the sentencing hearing, the trial court referenced to the PSI and victim-impact statements, and was able to hear the contemporaneous statement of one of the victims, the prepared statement of Nienberg read to the trial court by Nienberg's counsel, and Nienberg's contemporaneous statement. (Nov. 22, 2016 Tr. at 2-9). Moreover, the trial court expressly stated in its sentencing entry that it considered the R.C. 2929.11 and 2929.12 factors. *See Parson* at ¶ 16; *Brandenburg* at ¶ 11, citing *State v. Ballard*, 12th Dist. Butler No. CA2014-09-197, 2015-Ohio-2084, ¶ 9 (affirming a sentence where the trial court failed to cite R.C. 2929.11 or 2929.12 during the sentencing hearing but stated in its sentencing entry that it considered the R.C. 2929.11 and 2929.12 factors) and *State v. Lancaster*, 12th Dist. Butler No. CA2007-03-075, 2008-Ohio-1665, ¶ 4 (affirming a sentence where the trial court did not state at the sentencing hearing that the court considered R.C. 2929.11 or 2929.12 specifically, but stated its consideration of both statutes in its sentencing entry). Therefore, the record demonstrates the trial court's consideration of R.C. 2929.11 and 2929.12. *See State v. Ferguson*, 7th Dist. Jefferson No. 15JE0008, 2016-Ohio-8414, ¶ 24.

**{¶14}** Likewise, there is evidence in the record supporting the trial court's imposition of the sentences in both cases. Indeed, the record reflects that Nienberg

committed the second felonious assaults while awaiting trial for the felonious-assault charge in the first case. *Compare id.* at ¶ 25 (concluding that there is clear and convincing evidence supporting the trial court's imposition of maximum sentences because Ferguson committed "the same crime on three separate occasions" "[i]n less than two years" "while he was serving a community control sentence for the identical crime"). *See also* R.C. 2929.12(D)(1). The record further reflects that Nienberg has a fairly substantial misdemeanant history since 2007. (Case No. 16CR59, Doc. No. 23); (PSI). *See Ferguson* at ¶ 25 (noting evidence in the record of Ferguson's "substantial misdemeanant history since 1992" supported the trial court's imposition of maximum sentences). *See also* R.C. 2929.12(D)(2). Also, although the PSI reflects that Nienberg states that he is "'sorry to the victims and will take full responsibility,'" his statement of remorse is self-serving because the PSI also reflects that he blames his conduct on being "'under the influence of alcohol.'" (PSI at 6-7, quoting Nienberg's PSI Questionnaire). *See* R.C. 2929.12(D)(5). The record reflects that the victims suffered serious physical, psychological, and economic harm from the felonious assaults. (Nov. 22, 2016 Tr. at 3-6); (Case No. 16CR59, Doc. No. 23). *See* R.C. 2929.12(B)(2).

{¶15} Accordingly, we will not reverse Nienberg's sentence because it is within the permissible statutory range, the trial court properly considered the criteria found in R.C. 2929.11 and 2929.12, and the record clearly and convincingly

supports the trial court's findings under R.C. 2929.11 and 2929.12. *See Parson* at ¶ 16. *See also Maggette*, 2016-Ohio-5554, at ¶ 36.

{¶16} Nienberg also argues that the trial court erred in imposing consecutive sentences. "Except as provided in * * * division (C) of section 2929.14, * * * a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). R.C. 2929.14(C) provides:

> (4) * * * [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b)   At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)   The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶17} R.C. 2929.14(C)(4) requires a trial court to make specific findings on the record before imposing consecutive sentences. *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 11; *State v. Peddicord*, 3d Dist. Henry No. 7-12-24, 2013-Ohio-3398, ¶ 33. Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies. *Id.*; *Id.*

{¶18} Under R.C. 2929.14, the trial court must state the required findings at the sentencing hearing prior to imposing consecutive sentences and incorporate those findings into its sentencing entry. *State v. Sharp*, 3d Dist. Putnam No. 12-13-01, 2014-Ohio-4140, ¶ 50, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-

3177, ¶ 29. A trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

{¶19} As an initial matter, it appears that Nienberg erroneously contends that our review of the trial court's consecutive-sentence findings is guided by the R.C. 2929.12 sentencing factors. *See State v. Jones*, 8th Dist. Cuyahoga No. 104152, 2016-Ohio-8145, ¶ 9 ("The crux of his argument rests with the misplaced belief that appellate review of consecutive sentence findings is guided by the R.C. 2929.12(B)-(E) sentencing factors and that appellate courts must consider the weight given to any one sentencing factor in reviewing whether the record supports the findings."). Instead, "our consecutive-sentencing review is limited to determining whether the record supports the findings actually made; it is not an invitation to determine or criticize how well the record supports the findings." *Id.*, citing *State v. Withrow*, 2d Dist. Clark No. 2015-CA-24, 2016-Ohio-2884, ¶ 37.

{¶20} In this case, the trial court made the three statutorily required findings before imposing consecutive sentences at the sentencing hearing and incorporated those findings into its sentencing entry. Specifically, at the sentencing hearing, the trial court said:

> First of all, I am making a finding that the second of these two offenses was committed while the offender was * * * awaiting trial * * *. I'm making a finding that consecutive terms are necessary to protect the public from future crime and to punish the offender, and consecutive terms are not disproportionate to the seriousness of the offender's conduct and to the danger posed to the public. And that the offender's history of criminal conduct demonstrates that criminal consecutive sentences are necessary to protect the public from future crime * * * from the offender.

(Nov. 22, 2016 Tr. at 9). The trial court incorporated those findings into its sentencing entry. (Case No. 16CR59, Doc. No. 76). In its sentencing entry, the trial court stated:

> The Court finds that * * * consecutive prison terms are necessary to protect the public from future crime and to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public and that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct. The Court further finds that [Nienberg] has a history of criminal activity. The Court further finds

that the crime was committed while [Nienberg] was awaiting trial in Putnam County Common Pleas Court Case [No. 16CR270].

(*Id.*).

**{¶21}** Accordingly, the record reflects that the trial court made the appropriate R.C. 2929.14(C)(4) findings before imposing consecutive sentences and incorporated those findings in its sentencing entry.

**{¶22}** However, Nienberg further argues that the record does not support the trial court's findings under R.C. 2929.14(C)(4)—namely Nienberg argues that the record does not support that he poses a "threat to the public or the victims." (Appellant's Brief at 7).[1]  As we discussed above, Nienberg committed the offense in case number 16CR59 while he was out on bond awaiting trial in case number 16CR27.  The offenses in both cases are offenses of violence—felonious assault. *See* R.C. 2901.01(A)(9).   Furthermore, the record reflects the randomness of Nienberg's conduct—that is, Nienberg did not have a prior relationship with the victims.  Rather, Nienberg's conduct was instigated, in Nienberg's words:  (1) on February 18, 2016 by "'a few guys [who were] inside [Wibby's Bar] saying things to Danielle'" and (2) on August 6, 2016 while "'walking down the street when Danielle and a girl were arguing and that girls [sic] boyfriend was in the face [sic]

---

[1] Because Nienberg does not challenge the other two findings a trial court must make before imposing consecutive sentences under R.C. 2929.14(C)(4), we need not address them. *See State v. Vanausdal*, 3d Dist. Shelby No. 17-16-06, 2016-Ohio-7735, ¶ 21.

pushing [him] like 8 times, [Nienberg] wasn't going to do anything until Danielle punched that girl in the face for calling her a bitch[, t]hen that girls [sic] boyfriend * * * went over and pushed Danielle [and Nienberg] snapped.'" (PSI at 6, quoting Nienberg's PSI Questionnaire). As such, there is evidence in the record reflecting that Nienberg's conduct poses a threat to the public. *See Ferguson*, 2016-Ohio-88414, at ¶ 25 (noting that Ferguson's commission of subsequent offenses while "serving a community control sentence for [an] identical crime" "reveal[s] an incalculable and escalating degree of danger to the general public"). Accordingly, we conclude that there is not clear and convincing evidence that the record does not support the trial court's findings under R.C. 2929.14(C)(4).

**{¶23}** Therefore, there is not clear and convincing evidence that Nienberg's sentence is unsupported by the record or that his sentence is otherwise contrary to law.

**{¶24}** Nienberg's assignment of error is overruled.

**{¶25}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgments of the trial court.

*Judgments Affirmed*

**ZIMMERMAN and SHAW, J.J., concur.**