[Cite as *State v. Bynum*, 2019-Ohio-3139.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
SHELBY COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                 CASE NO.  17-18-20

     v.

GARY L. BYNUM,                       O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Shelby County Common Pleas Court
Trial Court No. 18CR000152

Judgment Affirmed

Date of Decision:  August 5, 2019

APPEARANCES:

    *Ryan S. Reed* **for Appellant**

    *Timothy S. Sell* **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, Gary L. Bynum ("Bynum"), appeals the October 3, 2018 judgment of sentence of the Shelby County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} This case arises from a series of incidents in which Bynum engaged in sexual conduct with O.H., who was between 13 and 14 years old at all times relevant to Bynum's offenses. (*See* Oct. 3, 2018 Tr. at 12). Bynum was O.H.'s legal guardian. (*Id.*). Starting when O.H. was 13 years old, Bynum and O.H. would engage in sexual intercourse and other sexual acts two or three times per month. (*Id.*). This continued for nearly a year until Bynum's wife learned about the abuse after reading O.H.'s diary. (*Id.*).

{¶3} On May 31, 2018, the Shelby County Grand Jury indicted Bynum on 13 counts: Counts One through Twelve of sexual battery in violation of R.C. 2907.03(A)(5), (B), third-degree felonies, and Count Thirteen of intimidation of a victim in a criminal case in violation of R.C. 2921.04(B)(1), (D), a third-degree felony. (Doc. No. 1). On June 7, 2018, Bynum appeared for arraignment and pleaded not guilty to the counts of the indictment. (Doc. No. 20).

{¶4} A change of plea hearing was held on August 13, 2018. (*See* Doc. No. 44). Pursuant to a negotiated plea agreement, Bynum withdrew his previous not guilty pleas and pleaded guilty to Counts One and Two of the indictment. (Doc.

Nos. 43, 44). In exchange, the State agreed to move for dismissal of Counts Three through Thirteen of the indictment. (Doc. Nos. 43, 44). The trial court accepted Bynum's guilty pleas, found him guilty, and ordered a presentence investigation. (Doc. No. 44). Furthermore, Counts Three through Thirteen of the indictment were dismissed.

{¶5} On October 3, 2018, the trial court sentenced Bynum to 54 months in prison on Count One and 54 months in prison on Count Two, to be served consecutively for an aggregate term of 108 months' imprisonment. (Doc. No. 56).

{¶6} Bynum filed a notice of appeal on November 2, 2018. (Doc. No. 70). He raises two assignments of error, which we will address together.

## Assignment of Error No. I

**The sentence imposed by the sentencing court is contrary to law because it fails to reflect any consideration of the purposes and principles of felony sentencing contained in Revised Code § 2929.11 or the seriousness and recidivism factors of Revised Code § 2929.12.**

## Assignment of Error No. II

**The sentencing court committed abuse of discretion when it imposed maximum and consecutive sentences upon Mr. Bynum, a first-time offender, without adequate justification.**

{¶7} In his assignments of error, Bynum argues that the trial court erred by sentencing him to 108 months in prison. Specifically, in his first assignment of error, Bynum argues that although the trial court "stated in its Sentencing Judgment

Entry that it considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12, it did not address the factors set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12 at the sentencing hearing." (Appellant's Brief at 8). While Bynum notes that the trial court stated on the record that it had considered the purposes of felony sentencing contained in R.C. 2929.11, the R.C. 2929.12 seriousness and recidivism factors, and other factors, he contends that "just because a court states that they weighed the factors does not necessarily mean that the trial court actually considered the factors when imposing their sentence." (*Id.* at 8-9). Under his second assignment of error, Bynum argues that the record does not support the trial court's decision to impose consecutive sentences for Counts One and Two.[1] (*Id.* at 9-13).

{¶8} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.*

---

[1] As is clear from the statement of his second assignment of error, Bynum initially argued that he was erroneously given a maximum sentence. However, Bynum has since recognized that his aggregate sentence of 108 months is 12 months shorter than the actual maximum aggregate sentence of 120 months he could have received. (*See* Motion for Correction to Appellant Brief). Accordingly, under his second assignment of error, we consider only whether the record supports the trial court's decision to impose consecutive sentences.

at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**{¶9}** "'Trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 9, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 20. As a third-degree felony, sexual battery carries a sanction of 12 to 60 months' imprisonment. R.C. 2907.03(A)(5), (B) (Apr. 7, 2009) (current version at R.C. 2907.03(A)(5), (B) (Mar. 22, 2019)); R.C. 2929.13(C) (Oct. 17, 2017) (current version at R.C. 2929.13(C) (Mar. 22, 2019)); R.C. 2929.14(A)(3)(a) (Oct. 17, 2017) (current version at R.C. 2929.14(A)(3)(a) (Mar. 22, 2019)).

**{¶10}** For each of Counts One and Two, Bynum was sentenced to 54 months' imprisonment. Accordingly, the trial court's sentences are within the statutory range. "'[A] sentence imposed within the statutory range is "presumptively valid" if the [trial] court considered applicable sentencing factors.'" *State v. Nienberg*, 3d Dist. Putnam Nos. 12-16-15 and 12-16-16, 2017-Ohio-2920, ¶ 10, quoting *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 31, quoting *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15.

**{¶11}** "R.C. 2929.11 provides, in pertinent part, that the 'overriding purposes of felony sentencing are to protect the public from future crime and to punish the

offender.'" *Smith* at ¶ 10, quoting R.C. 2929.11(A) (Sept. 30, 2011) (current version at R.C. 2929.11(A) (Oct. 29, 2018)). "In advancing these purposes, sentencing courts are instructed to 'consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.'" *Id.*, quoting R.C. 2929.11(A) (Sept. 30, 2011) (current version at R.C. 2929.11(A) (Oct. 29, 2018)). "Meanwhile, R.C. 2929.11(B) states that felony sentences must be 'commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim' and also be consistent with sentences imposed in similar cases." *Id.*, quoting R.C. 2929.11(B) (Sept. 30, 2011) (current version at R.C. 2929.11(B) (Oct. 29, 2018)). "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Id.*, citing R.C. 2929.12(A). "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12.'" *Id.* at ¶ 15, quoting *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 18 (6th Dist.), citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

{¶12} From the record, it is clear that the trial court sentenced Bynum after considering the purposes of felony sentencing set forth in R.C. 2929.11(A) and the relevant R.C. 2929.12(B)-(E) factors. First, at the sentencing hearing, the trial court

remarked that it had "considered the purposes and the principles of sentencing under 2929.11 and the seriousness and the recidivism factors under 2929.12." (Oct. 3, 2018 Tr. at 13). Furthermore, in its judgment entry of sentence, the trial court stressed that it had "considered * * * the principles and purposes of sentencing under Ohio Revised Code Section 2929.11" and "balanced the seriousness and recidivism factors of Ohio Revised Code Section 2929.12." (Doc. No. 56). Nevertheless, Bynum argues that the trial court did not satisfy its duties under the sentencing statutes because it did not thoroughly discuss the purposes of felony sentencing or the specific R.C. 2929.12(B)-(E) factors it weighed when determining his sentence. (*See* Appellant's Brief at 8-9). His argument is without merit. "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Maggette* at ¶ 32, citing *State v. Abrams*, 8th Dist. Cuyahoga No. 103786, 2016-Ohio-4570, ¶ 14, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 18. Therefore, the record establishes that the trial court fulfilled its obligation to consider R.C. 2929.11 and 2929.12 when it sentenced Bynum.

{¶13} Moreover, the evidence supports the trial court's sentences as to both counts. First, the record reflects that the trial court considered factors suggesting that Bynum is not likely to commit future crimes, including that Bynum had not been previously adjudicated a delinquent child, that he had not been convicted of or

pleaded guilty to a criminal offense as an adult, and that he had led a law-abiding life for a significant number of years preceding the offenses. (Oct. 3, 2018 Tr. at 7, 13). *See* R.C. 2929.12(E)(1)-(3). In addition, the record establishes that Bynum expressed remorse for his offenses in open court. (Oct. 3, 2018 Tr. at 5-6). *See* R.C. 2929.12(E)(5).

{¶14} However, while the record demonstrates that the trial court considered the factors indicating that Bynum was less likely to recidivate, it also establishes that the trial court considered the factors suggesting that Bynum's conduct was more serious than conduct normally constituting the offense and that it weighed these factors more heavily than the mitigating factors. As the trial court noted:

> [T]he facts of this case * * * are aggravating. [Bynum] engaged in multiple acts of sexual conduct with a 13-14 year old child * * * over a period of years.
>
> * * *
>
> [He] had 13 felony counts [that] were reduced to the two that [he] entered pleas to. And one of those counts, although not a sex offense, was intimidation of a crime victim where [he was] using * * * a gun * * * and firing shots * * * to attempt to intimidate this child.

(Oct. 3, 2018 Tr. at 13). Indeed, the record establishes that the injuries suffered by O.H., who was between 13 and 14 years old when the offenses were committed,

were exacerbated by her age. *See* R.C. 2929.12(B)(1). Furthermore, the evidence indicates that Bynum's conduct caused O.H. serious psychological harm. *See* R.C. 2929.12(B)(2). Through a written statement, O.H. described her pain as being "unbearable." (Oct. 3, 2018 Tr. at 9). She stated that she "can't sleep most nights because [she] feel[s] like [Bynum is] coming for [her] again. [She] will not eat certain foods or do certain things because the flashbacks are too strong every time [she does] them." (*Id.*). O.H. expressed her hope that Bynum would "suffer for what [he has] done the same way [she is] suffering now." (*Id.* at 10). She said that "what [Bynum had] done to [her] will be with [her] forever no matter how hard [she tries] to forget it." (*Id.* at 9). Furthermore, O.H.'s foster mother testified that Bynum's conduct "will haunt [O.H.] for the rest of her life." (*Id.* at 11).

{¶15} In addition, the record reflects that Bynum was O.H.'s legal guardian when he committed the offenses. (*Id.* at 12). Thus, Bynum's relationship with O.H. facilitated his offenses. *See* R.C. 2929.12(B)(6). Finally, the trial court considered other factors relevant to achieving the purposes of felony sentencing. *See* R.C. 2929.12(A) (providing that trial courts "may consider any other factors that are relevant to achieving those purposes and principles of sentencing"). Specifically, the trial court considered that the charges to which Bynum pleaded guilty represented only a fraction of the crimes with which he was originally charged. "'[E]vidence of other crimes, including crimes that never result in criminal charges

being pursued, or criminal charges that are dismissed as a result of a plea [agreement], may be considered at sentencing.'" *State v. Silknitter*, 3d Dist. Union No. 14-16-07, 2017-Ohio-327, ¶ 10, quoting *State v. Ford*, 3d Dist. Union No. 14-10-07, 2010-Ohio-4069, ¶ 12, citing *State v. Starkey*, 7th Dist. Mahoning No. 06 MA 110, 2007-Ohio-6702, ¶ 17, citing *State v. Cooey*, 46 Ohio St.3d 20, 35 (1989). Hence, when fashioning appropriate sentences for Bynum's crimes, the trial court was allowed to consider whether more severe sentences were necessary to punish him given that the extent of his criminal conduct far exceeded that to which he pleaded guilty.

{¶16} Therefore, because we conclude that each of the sentences imposed for Counts One and Two is within the statutory range and that the record supports the trial court's consideration of R.C. 2929.11 and 2929.12, there is not clear and convincing evidence that the record does not support the individual sentences for Counts One and Two or that the sentences are otherwise contrary to law. *See Nienberg*, 2017-Ohio-2920, at ¶ 15.

{¶17} In addition, in his second assignment of error, Bynum argues that the trial court erred in imposing consecutive sentences for Counts One and Two. "Except as provided in * * * [R.C. 2929.14(C)], * * * a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term,

jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). R.C. 2929.14(C) provides:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a)  The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to [R.C. 2929.16, 2929.17, or 2929.18], or was under post-release control for a prior offense.
>
> (b)  At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)  The offender's history of criminal conduct demonstrates that

consecutive sentences are necessary to protect the public from future

crime by the offender.

R.C. 2929.14(C)(4) (Oct. 17, 2017) (current version at R.C. 2929.14(C)(4) (Mar.

22, 2019)).  "R.C. 2929.14(C)(4) requires a trial court to make specific findings on

the record before imposing consecutive sentences."  *Nienberg* at ¶ 17, citing *State*

*v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 11 and *State v. Peddicord*,

3d Dist. Henry No. 7-12-24, 2013-Ohio-3398, ¶ 33.  "Specifically, the trial court

must find:  (1) consecutive sentences are necessary to either protect the public or

punish the offender; (2) the sentences would not be disproportionate to the offense

committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies."

*Id.*, citing *Hites* at ¶ 11 and *Peddicord* at ¶ 33.

**{¶18}** When imposing consecutive sentences, the trial court must make the

findings required by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate

those findings into its sentencing entry.  *State v. Bonnell*, 140 Ohio St.3d 209, 2014-

Ohio-3177, ¶ 29, 37.  In complying with this requirement, the trial court "has no

obligation to state reasons to support its findings."  *Id.* at ¶ 37.  "[P]rovided that the

necessary findings can be found in the record and are incorporated into the

sentencing entry," a trial court need not recite a "talismanic incantation" of the

language of R.C. 2929.14(C)(4) to properly impose consecutive sentences.  *Id.*

{¶19} In this case, the trial court made the statutorily required findings before imposing consecutive sentences at the sentencing hearing and incorporated those findings into its sentencing entry. At the sentencing hearing, the trial court stated:

[T]he court is going to find, among other things, that consecutive sentencing is necessary to protect the public from future crime or to punish [Bynum] and that consecutive sentencing is not disproportionate to the seriousness of [his] conduct and to the danger [he] pose[s] to the public and that at least two of the multiple offenses were committed as part of one or more courses of conduct and that the harm caused by two or more of the multiple offenses so committed were so great or so unusual that no single prison term for any of the offenses committed as part of the courses of conduct would adequately reflect the seriousness of [his] conduct.

(Oct. 3, 2018 Tr. at 13-14). In its judgment entry of sentence, the trial court repeated its R.C. 2929.14(C)(4) findings nearly verbatim:

The court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public and * * * [a]t least two of the multiple offenses were committed

as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(Doc. No. 56). Thus, it is clear that the trial court made the appropriate R.C. 2929.14(C)(4) findings before imposing consecutive sentences and incorporated those findings in its sentencing entry.

{¶20} Moreover, the record supports the trial court's consecutive-sentence findings. It is undisputed that, for nearly a year, Bynum engaged in a sexual relationship with a girl who was no older than 14 years old. The victim was not a relative stranger to Bynum—she was Bynum's ward. Nor was the abuse infrequent. Instead, Bynum engaged the victim in sexual acts multiple times per month. Because of Bynum's actions, the victim has suffered severe and lasting psychological harm. Accordingly, there is ample evidence in the record supporting the trial court's findings that consecutive sentences are necessary to punish Bynum, that consecutive sentences are not disproportionate to the seriousness of his crimes, and that the harm caused by Bynum's crimes is so great that consecutive sentences are needed to adequately reflect the seriousness of his conduct. *See State v. Jones*, 8th Dist. Cuyahoga No. 105527, 2017-Ohio-9020, ¶ 8-9 (consecutive sentences for

sexual crimes, including sexual battery, were supported by the record where "the victim was under Jones's care, and the criminal conduct repeatedly occurred over a lengthy period of time"); *State v. Clyde*, 6th Dist. Erie Nos. E-16-045 and E-16-048, 2017-Ohio-8205, ¶ 14; *State v. Bell*, 5th Dist. Muskingum No. CT2016-0049, 2017-Ohio-1531, ¶ 28 (consecutive sentences for sexual battery and gross sexual imposition were supported by the record where "Bell abused and breached the trust of his two young daughters," the victims, and "[e]ach victim informed the trial court of the particular, significant harm that [they] suffered and continue[] to suffer").

{¶21} In sum, each of the sentences imposed for Counts One and Two is within the statutory range and the trial court complied with its obligation to consider the purposes of felony sentencing listed in R.C. 2929.11 and the applicable R.C. 2929.12 factors. Furthermore, the trial court made the findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences and incorporated those findings into its sentencing entry. Finally, the trial court's R.C. 2929.14(C)(4) findings are supported by the record. Therefore, we conclude that there is not clear and convincing evidence that Bynum's aggregate 108-month sentence is unsupported by the record or that the aggregate sentence is otherwise contrary to law. *See Nienberg*, 2017-Ohio-2920, at ¶ 23.

{¶22} Bynum's first and second assignments of error are overruled.

{¶23} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**SHAW and WILLAMOWSKI, J.J., concur.**

**/jlr**