[Cite as *State v. McGinnis*, 2019-Ohio-3803.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-35 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-266 |
| | : | |
| MICHAEL L. MCGINNIS, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of September, 2019.

. . . . . . . . . . .

DAVID M. MORRISON, Atty. Reg. No. 0087487, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, 61 Greene Street, Suite 200, Xenia, Ohio 45385
       Attorney for Plaintiff-Appellee

CARLO C. McGINNIS, Atty. Reg. No. 0019540, 55 Park Avenue, Oakwood, Ohio 45419
       Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant, Michael L. McGinnis, Jr., appeals from his convictions for one count of improperly handling a firearm in a motor vehicle and one count of assault. McGinnis, who pleaded guilty to the two offenses, nominally raises five assignments of error in which he argues that the trial court erred by sentencing him to the maximum terms of imprisonment permitted under R.C. 2929.14(A)(4)-(5); by ordering that he serve the terms consecutively; and by accepting his pleas without fully advising him of the consequences. We find that McGinnis's arguments lack merit, and we therefore affirm his convictions.

## I. Facts and Procedural History

{¶ 2} On April 10, 2018, McGinnis was driving through Greene County while travelling from Kansas to New Jersey, accompanied by a passenger. McGinnis's passenger called 9-1-1 for emergency assistance, and deputies with the Greene County Sheriff's Office responded, stopping McGinnis's vehicle on State Route 72. Among other things, the passenger reported that McGinnis had been driving erratically and drinking.

{¶ 3} The deputies discovered that the vehicle had been reported stolen from a location in Kansas, so they took McGinnis into custody. They found a loaded shotgun in the vehicle, and information provided by law enforcement officials in Kansas indicated that the shotgun, too, had likely been stolen. McGinnis was transported to the Greene County Jail.

{¶ 4} On April 12, 2018, a corrections officer escorted McGinnis from his cell to another part of the jail for an arraignment by video conference. McGinnis, however, objected to the procedure and refused to comply. The corrections officer informed

McGinnis that he would be returned to his cell as a result of his noncompliance, at which point McGinnis assaulted the officer.

{¶ 5} A Greene County grand jury issued an indictment against McGinnis on April 23, 2018, charging him as follows: Counts 1 and 2, receiving stolen property, fourth degree felonies in violation of R.C. 2913.51(A); Count 3, improperly handling a firearm in a motor vehicle, a fourth degree felony in violation of R.C. 2923.16(B); and Count 4, assault, a fourth degree felony in violation of R.C. 2903.13(A). On July 5, 2018, McGinnis and the State entered into a plea agreement pursuant to which the State dismissed Counts 1 and 2, and amended Count 4 to reduce the level of the offense from a fourth degree felony to a fifth degree felony, and McGinnis, in exchange, pleaded guilty to Count 3 and the amended version of Count 4. The State made no sentencing recommendation but deferred to the forthcoming presentence investigation report, which likewise made no recommendation.

{¶ 6} At his sentencing hearing on August 23, 2018, the trial court sentenced McGinnis to serve a term of 18 months' imprisonment on Count 3, and a term of 12 months on Count 4, with the terms to be served consecutively, and it ordered that he pay restitution in the amount of $1,500. McGinnis timely filed a notice of appeal to this court on August 28, 2018.

## II. Analysis

{¶ 7} For his first assignment of error, McGinnis contends that:

> THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO MAXIMUM PRISON TERMS.

{¶ 8} The trial court sentenced McGinnis to the maximum terms of imprisonment

authorized under R.C. 2929.14(A)(4)-(5) for fourth and fifth degree felonies. McGinnis argues that the record "clearly and convincingly support[s] [the] conclusion that [the] imposition of [lesser,] mid-level prison term[s] * * * would [have been] sufficient * * * sanction[s]" for his violations of R.C. 2903.13(A) and 2923.16(B). *See* Appellant's Brief 7.

**{¶ 9}** A "trial court has full discretion to impose any sentence within the authorized statutory range, and [it] is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.), citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. Even so, the "court must comply with all applicable rules and statutes, including R.C. 2929.11 and R.C. 2929.12." *Id.*, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 37.

**{¶ 10}** Under R.C. 2929.11(A), a "court that sentences an offender for a felony shall be guided" by the "overriding purposes" of punishing the offender and "protect[ing] the public from future crime by the offender and others," while "using the minimum sanctions that [it] determines [likely to] accomplish [these] purposes without imposing an unnecessary burden on state or local government resources." Accordingly, the court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution." *Id.* R.C. 2929.11(B) adds that a felony sentence "shall be reasonably calculated to achieve the two overriding purposes of felony sentencing[,] * * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon [any] victim[s], and consistent with sentences imposed for similar crimes committed by similar

offenders."

{¶ 11} Pursuant to R.C. 2929.12(A), in "exercising [its] discretion" to determine "the most effective way to comply with the purposes and principles of sentencing set forth in [R.C.] 2929.11," a court must consider, among other things, a list of nine factors "indicating that [an] offender's conduct [was] more serious than conduct normally constituting" the offense for which the offender was convicted; a list of four factors "indicating that the offender's conduct [was] less serious than conduct normally constituting the offense"; a list of five factors "indicating that the offender is likely to commit future crimes"; and a list of five factors "indicating that the offender is not likely to commit future crimes." The court "may [also] consider any other factors that are relevant to [fulfilling the] purposes and principles of [felony] sentencing." *Id.*; *see also* R.C. 2929.12(B)-(E).

{¶ 12} On review of a felony sentence, an appellate court may vacate or modify the sentence "only if it determines by clear and convincing evidence that the record [of the case] does not support the trial court's findings under the relevant statutes," or that the sentence "is otherwise contrary to law."[1] *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.2d 1231, ¶ 1; *see also* R.C. 2953.08(G)(2). A sentence "is not contrary to law [if it falls] within the statutory range [and the trial court] expressly state[s] that it * * * considered the purposes and principles of sentencing [under] R.C. 2929.11

---

[1] Clear and convincing evidence is a "degree of proof [greater] than a mere 'preponderance of the evidence' " that produces in the mind of the trier of fact "a firm belief or conviction as to the facts sought to be established"; evidence that satisfies this standard need not satisfy the higher standard of " 'beyond a reasonable doubt,' " which applies in criminal trials. *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus; *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.2d 1231, ¶ 22.

[and] 2929.12." (Citation omitted.) *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 32 (2d Dist.).

**{¶ 13}** Here, before the trial court pronounced sentence on McGinnis, it determined that it had discretion under R.C. 2929.13(B)(1)(b) to "impos[e] a prison term [for] any fourth or fifth degree [felony] offenses" because McGinnis had committed "an offense of violence," because he had committed the offense "while having a firearm in his possession," and because he had "caused physical harm to another person" in the process. *See* Transcript of Proceedings 28:9-28:20, Aug. 23, 2018. McGinnis emphasizes that he did not have a firearm in his possession at the time he assaulted the corrections officer, yet despite its mischaracterization of the facts, the trial court determined correctly that it had discretion to sentence McGinnis to prison. *See* Appellant's Brief 5 and 14-15.

**{¶ 14}** Pursuant to R.C. 2929.13(B)(1)(b)(i), a court "has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree" if the offense is either a qualifying assault offense, or an offense other than an offense of violence, and the "offender committed the offense while having a firearm on or about [his] person or under [his] control." *See also* R.C. 2929.13(K)(4) (defining "[q]ualifying assault offense").[2] The trial court thus had discretion to sentence

---

[2] R.C. 2929.13(K)(4) defines the term "[q]ualifying assault offense" as "a violation of [R.C.] 2903.13 * * * [to] which the penalty provisions in [R.C. 2903.13](C)(8)(b) or (C)(9)(b) [are] appli[cable]." R.C. 2903.13(C)(8)(b) applies to offenders who have previously "been convicted of or pleaded guilty to one or more assault or homicide offenses * * * against hospital personnel," and R.C. 2903.13(C)(9)(b) applies to offenders who have previously "been convicted of or pleaded guilty to one or more assault or homicide offenses * * * against justice system personnel."

McGinnis to a term in prison for his conviction on the charge of improperly handling a firearm in a motor vehicle—a fourth degree felony that is not a qualifying assault offense but is an offense other than an offense of violence. *See* R.C. 2901.01(A)(9) (defining "[o]ffense of violence"); *see also, e.g.*, *State v. Gilbert*, 2d Dist. Clark No. 2014-CA-116, 2015-Ohio-4509, ¶ 1-2 and 6-7.

{¶ 15} Assault in violation of R.C. 2903.13(A), on the other hand, is not a qualifying assault offense but is an offense of violence, meaning that R.C. 2929.13(B)(1)(b) is inapplicable. For an offense of this kind, R.C. 2929.13(B)(2) states that "in determining whether to impose a prison term * * *, [a] sentencing court shall comply with the purposes and principles of sentencing under [R.C.] 2929.11 * * * and with [the provisions of R.C.] 2929.12." The trial court, then, had discretion to impose a prison term for McGinnis's conviction on the charge of assault, which the State prosecuted as a fifth degree felony pursuant to its plea agreement with McGinnis. Transcript of Proceedings 10:19-11:14, July 5, 2018; *see also, e.g.*, *State v. Johnson*, 2d Dist. Montgomery No. 28077, 2019-Ohio-1382, ¶ 1 and 12-13.

{¶ 16} Regarding the substance of his sentences, McGinnis argues that the maximum terms of imprisonment were unwarranted for the following five reasons: (1) he has not previously been convicted of a felony as an adult; (2) he has "never previously been sent to prison," though he has "been confined as an inmate at a 'boot camp' "; (3) pursuant to R.C. 2929.12(B), his conduct was not "more serious than conduct normally constituting the offense[s]" for which he was convicted; (4) conversely, pursuant to R.C. 2929.12(C), his conduct was "less serious than conduct normally constituting" the offenses for which he was convicted; and (5) "at every opportunity[,] [he] has shown

genuine remorse for his actions."  R.C. 2929.12(B)-(C); Appellant's Brief 8.  Although the first, second and third of these assertions appear to be true, McGinnis has not thereby demonstrated that the trial court's findings under R.C. 2929.12 were unsupported by the record.

{¶ 17} After "considering the factors set forth in [R.C.] 2929.12," the trial court found that imprisonment would be "consistent with the purposes and principles of sentencing set forth in [R.C.] 2929.11," and further, that imprisonment would be "commensurate with the seriousness of [McGinnis]'s conduct and [the impact such conduct had] on the victim," without "plac[ing] an unnecessary burden on state or governmental resources."  *See* Transcript of Proceedings 29:3-29:19.  The court did not elaborate, but it was not required to offer anything more than the foregoing—an express "stat[ement] that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors [set forth] in R.C. 2929.12."  (Citation omitted.) *Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, at ¶ 32.

{¶ 18} Moreover, a trial court may determine the relative weight to be accorded the various sentencing factors listed in R.C. 2929.12(B)-(E).  *See, e.g., State v. Bynum*, 3d Dist. Shelby No. 17-18-20, 2019-Ohio-3139, ¶ 11.  The trial court, here, apparently perceived McGinnis to be a volatile person with a predilection for violent behavior. Explaining why it ordered that McGinnis serve his terms in prison consecutively, rather than concurrently, the court described him as "an imminent threat to the public," given that he had "brutally attac[k]ed a [corrections] officer who * * * simply ask[ed] [him] to comply [with instructions] for a video arraignment," and further given "[h]is history," which indicated that he had previously "been involved in a crime of violence."  *See* Transcript

of Proceedings 30:5-31:7. By implication, the court seems have decided that the most significant sentencing factors were the harm caused to the corrections officer, the circumstances in which the harm was caused, and the likelihood that McGinnis would commit crimes in the future. *See* R.C. 2929.12(B)(1) and (D).

{¶ 19} Irrespective of whether the record of this case might have justified lesser sentences, McGinnis has not demonstrated by citation to clear and convincing evidence that the prison terms to which the trial court sentenced him were not supported by the record. The record, to the contrary, provides at least some support for the findings on which the trial court based McGinnis's sentences, and the sentences themselves were not otherwise contrary to law. McGinnis's first assignment of error is overruled.

{¶ 20} McGinnis's second, third and fourth assignments of error concern the same issue, so we address them together. For his second assignment of error, McGinnis contends that:

> THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO CONSECUTIVE PRISON TERMS[.]

For his third assignment of error, McGinnis contends that:

> APPELLANT'S MAXIMUM CONSECUTIVE SENTENCES ARE CONTRARY TO LAW BECAUSE THE TRIAL COURT FAILED TO MAKE APPROPRIATE FINDINGS PURSUANT TO R.C. §2929.14(C)(4) [sic][.]

And for his fourth assignment of error, McGinnis contends that:

> THE TRIAL COURT'S MAXIMUM CONSECUTIVE SENTENCE(S) FINDINGS [sic] ARE CLEARLY AND CONVINCINGLY UNSUPPORTED BY THE RECORD.

{¶ 21} McGinnis argues that the trial court erred by ordering that he serve his terms in prison consecutively, rather than concurrently. According to the transcript of McGinnis's sentencing hearing, the court ordered that McGinnis serve his terms consecutively because it found consecutive service to be "necessary to protect the public or to punish [McGinnis]"; because it found that consecutive service would not be "disproportionate to the seriousness of [McGinnis]'s conduct" and "the danger [he] poses to the public"; and because it found further that the offenses for which McGinnis was convicted "were committed as part [of] one or more courses of conduct," and that "the harm [he] caused [thereby] was so great or unusual that no single prison term" would adequately reflect "the seriousness" of the offenses. *See* Transcript of Proceedings 30:5-31:7.

{¶ 22} Under R.C. 2929.14(C)(4), if an offender is convicted of more than one offense and is sentenced to more than one term in prison as a result, the trial court "may require the offender to serve the * * * terms consecutively if [it] finds" that: (1) "consecutive service is necessary to protect the public from future crime" or "to punish the offender" sufficiently; (2) "consecutive [service] [is] not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and (3) one of the conditions specified in R.C. 2929.14(C)(4)(a)-(c) is applicable. The relevant condition here is specified in R.C. 2929.14(C)(4)(b).

{¶ 23} R.C. 2929.14(C)(4)(b) applies to cases in which "[a]t least two * * * offenses were committed as part of one or more courses of conduct." In such cases, a court may order consecutive service if "the harm caused by two or more of the * * * offenses * * * was so great or unusual that no single prison term for any of the offenses committed as

part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct." *Id.* On review of a trial court's order requiring an offender to serve terms in prison consecutively, an appellate court may reverse only if it finds, based on clear and convincing evidence, "that the record does not support the trial court's findings" pursuant to R.C. 2929.14(C)(4). *See State v. Dover*, 2d Dist. Clark Nos. 2018-CA-107 & 2018-CA-108, 2019-Ohio-2462, ¶ 8-9.

{¶ 24} McGinnis argues, initially, that the record does not support the trial court's findings because the court noted incorrectly that he had had a firearm on or about his person at the time he assaulted the corrections officer in the Greene County Jail. Appellant's Brief 14; *see* Transcript of Proceedings 28:9-28:16. Although McGinnis did not have a firearm in his possession at that time, the court did not refer to the firearm when it offered its rationale for ordering consecutive service; instead, the court referred to the violence of the assault, the circumstances in which McGinnis committed the assault, and the injuries inflicted on the corrections officer. *See* Transcript of Proceedings 30:5-31:7. Thus, the misstatement of fact cited by McGinnis is not, of itself, clear and convincing evidence that the record does not support the findings on which the trial court based its imposition of consecutive prison terms.

{¶ 25} In the next part of his argument, McGinnis claims that the record does not support the trial court's finding that his assault on the corrections officer was "brutal," inasmuch as "a review of the plea hearing," as well as the transcript of McGinnis's initial appearance, illustrates that even in the absence of any evidence of a "diagnos[i]s [of] some psychological disorder," he exhibited "at all pertinent times * * * a clear disconnect from rational behavior." *See* Appellant's Brief 15; Transcript of Proceedings 30:5-31:7.

The facts of the assault, however, support the trial court's characterization. Furthermore, even assuming that McGinnis is "not a criminal bent on causing harm" but "an unpredictable person" suffering from a "mental health condition," the record nonetheless supports the trial court's finding that he is an unpredictably violent person who potentially poses a risk to the public.

{¶ 26} Additionally, McGinnis argues that "there has been no correlation of analysis between the two offenses" and that the trial court mischaracterized his criminal history. *See* Appellant's Brief 17-18. Regarding the former point, R.C. 2929.14(C)(4)(b) applies to cases in which two or more offenses "were committed as part of one <u>or more</u> courses of conduct," meaning that the offenses in this case need not have been connected. (Emphasis added.) The trial court did not discuss the offense of improperly handling a firearm in a motor vehicle when it offered its rationale for ordering consecutive service, though it need not have done so; R.C. 2929.14(C)(4)(b) applies to cases in which "no single prison term for any of [two or more] offenses * * * adequately reflects the seriousness of the offender's conduct." Regarding the latter point, McGinnis's criminal history as detailed in the presentence investigation report refers only to a single incident of violence, but the lack of further incidents is not equivalent to clear and convincing evidence that the trial court's findings were unsupported by the record.

{¶ 27} The trial court made " 'the findings mandated by R.C. 2929.14(C)(4) at [McGinnis's] sentencing hearing,' " and " 'it ha[d] no obligation to state reasons to support [those] findings.' " *Dover*, 2d Dist. Clark Nos. 2018-CA-107 & 2018-CA-108, 2019-Ohio-2462, at ¶ 9, quoting *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. On review, the " 'question is not whether the trial court had clear and

convincing evidence to support its findings, but rather, whether [the appellant has shown] clearly and convincingly * * * that the record fails to support the trial court's findings.' " *Id.*, quoting *State v. Withrow*, 2016-Ohio-2884, 64 N.E.3d 553, ¶ 38 (2d Dist.). McGinnis has not shown as much, and his second, third and fourth assignments of error are consequently overruled.

{¶ 28} For his fifth and final assignment of error, McGinnis contends that:

THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S GUILTY PLEA [sic] AS IT WAS NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY TENDERED.

{¶ 29} Finally, McGinnis argues that the "Rule 11 [c]olloquy and [the] [j]udgment [e]ntry" were "insufficient to notify him of the consequences of pleading guilty to a felony committed while under post-release control." *See* Appellant's Brief 20-23. During the plea colloquy, however, the trial court noted the possibility that McGinnis had been sentenced to the equivalent of post-release control in Oklahoma, advised him that pleading guilty in the instant case could result in additional criminal sanctions there, and allowed him the opportunity to confer with his counsel before proceeding. *See* Transcript of Proceedings 5:23-7:7. Moreover, the trial court informed McGinnis of the additional criminal sanctions he would face in this state were he to violate the post-release control provisions of his sentence after serving his terms in prison, and the corresponding judgment entry included the same information. *See id.* at 17:3-18:16; Judgment Entry (sentencing) 4-5, Aug. 23, 2018. McGinnis's fifth assignment of error is overruled.

### III. Conclusion

{¶ 30} We find that McGinnis has not demonstrated by citation to clear and

convincing evidence that the trial court erred by imposing the maximum prison terms for his convictions or by ordering that he serve the terms consecutively. In addition, we find that the trial court fulfilled its obligation to inform McGinnis of the penalties he would face, including post-release control and sanctions for failing to comply with the requirements of post-release control. Therefore, McGinnis's convictions are affirmed.

. . . . . . . . . . . .

HALL, J., concurs.

FROELICH, J., dissents:

{¶ 31} The assault on a corrections officer and the improper handling of a firearm in a motor vehicle occurred on separate dates with unrelated actions and had no factual links to each other. To serve as a basis for consecutive sentences under R.C. 2929.14(C)(4)(b), the offenses must be "committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed [must be] so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct."

{¶ 32} For the offenses to be part of a single course of conduct, a trial court "must * * * discern some connection, common scheme, or some pattern or psychological thread that ties [the offenses] together." (Brackets sic.) *State v. Lambert*, 2d Dist. Champaign No. 2018-CA-28, 2019-Ohio-2837, ¶ 33, quoting *State v. Sapp*, 105 Ohio St.3d 104, 2004-Ohio-7008, 822 N.E.2d 1239, syllabus. "A course of conduct may be established by

factual links such as time, location, weapon, cause of death, or similar motivation." *Id.*, citing *State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, 952 N.E.2d 1121, ¶ 144. We have held that a defendant who violated numerous traffic laws that resulted in a collision that killed the driver and seriously injured the passenger of the other vehicle had engaged in a single course of conduct. *See State v. Mayberry*, 2014-Ohio-4706, 22 N.E.3d 222 (2d Dist.); *Lambert* at ¶ 34.

{¶ 33} It is certainly true that R.C. 2929.04(A)(5) (dealing with death specifications) requires that the aggravated murder was part of "a *course* of conduct" as opposed to "one or more *courses* of conduct" as required by R.C. 2929.14(C)(4)(b). *See, e.g., State v. Tucker*, 2d Dist. Montgomery No. 27694, 2019-Ohio-652, ¶ 32 (Tucker, J. concurring). But, generally, our jurisprudence has not made this distinction. *See, e.g., Lambert.*

{¶ 34} Moreover, holding that each offense is a course of conduct, and therefore that anytime there are two offenses that there are two courses of conduct, either abrogates R.C. 2929.14(C)(4)(b) or renders it a superfluous tautology. If, in order to be sentenced consecutively for two offenses, a defendant must engage in two courses of conduct, and if each offense is a separate course of conduct, then every time a defendant is convicted of two or more offenses (i.e., courses of conduct), the offenses would *always* satisfy the first requirement of R.C. 2929.14(C)(4)(b); the only question for the trial court under R.C. 2929.14(C)(4)(b) would be whether the harm is "so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct."

{¶ 35} In this case, the trial court found that McGinnis's offenses satisfied R.C. 2929.14(C)(4)(b), reciting the statutory language in that provision; it did not make any

findings under R.C. 2929.14(C)(4)(a) or (c). After making its finding under R.C. 2929.14(C)(4)(b), the trial court explained:

> Specifically, the Defendant brutally attached [sic] a peace officer who was simply asking the Defendant to comply and sit down for a video arraignment. As a result, the officer suffered hemorrhaging in the nasal facial area and lacerations. The Defendant is an imminent threat to the public. His history indicates this is not the first time the Defendant has been involved in a crime of violence. Thus consecutive prison sentences are necessary.

**{¶ 36}** Insofar as the consecutive sentences in this case were based on a finding under R.C. 2929.14(C)(4)(b) that McGinnis's offenses were "committed as part of one or more courses of conduct", I would concluded that such a finding was clearly and convincingly unsupported by the record. Accordingly, I would sustain the second, third, and fourth assignments of error, reverse the imposition of consecutive sentences, and remand for further proceedings.

Copies sent to:

David M. Morrsion
Carlo C. McGinnis
Hon. Michael A. Buckwalter