[Cite as *State v. Vanwinkle*, 2020-Ohio-2783.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

DONALD P. VANWINKLE,

    DEFENDANT-APPELLANT.

CASE NO. 17-19-20

O P I N I O N

---

**Appeal from Shelby County Common Pleas Court**
**Trial Court No. 17CR000025**

**Judgment Affirmed**

**Date of Decision:  May 4, 2020**

---

**APPEARANCES:**

    *Laura E. Waymire* **for Appellant**

    *Timothy S. Sell* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Donald P. Vanwinkle ("Vanwinkle") appeals the judgment of the Shelby County Court of Common Pleas, alleging that the trial court's imposition of consecutive sentences was not supported by the record. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On May 11, 2017, Vanwinkle was indicted on one count of aggravated possession of drugs in violation of R.C. 2925.11(A); one count of possession of drugs in violation of R.C. 2925.11(A); and one count of possessing criminal tools in violation of R.C. 2923.24. Doc. 13. On June 8, 2017, Vanwinkle appeared for his arraignment and entered a plea of not guilty. Doc. 32. He was released on bond. Doc. 59. On September 1, 2017, Vanwinkle failed to appear for a pretrial hearing. Doc. 59. On September 8, 2017, the trial court declared Vanwinkle's bond forfeited and ordered a warrant be issued for his arrest. Doc. 59.

{¶3} In 2019, the Kentucky Department of Corrections notified the State that Vanwinkle was in their custody. Doc. 75. Vanwinkle had been convicted for several offenses in Kentucky. Tr. 15. For these crimes, he received three ten-year prison sentences. Tr. 15. One of these ten-year sentences was imposed consecutively to the other two prison terms, giving Vanwinkle an aggregate sentence of twenty years in prison. Tr. 15.

{¶4} On August 27, 2019, Vanwinkle entered a plea agreement with the State under which he pled guilty to one count of aggravated possession of drugs in violation of R.C. 2925.11(A). Doc. 94. The remaining counts in the indictment were dismissed. Doc. 106. On August 26, 2019, the trial court sentenced Vanwinkle to a prison sentence of two years. Doc. 106. The trial court ordered the sentence in this case to be run consecutively to the sentences Vanwinkle had to serve in Kentucky. Doc. 106.

*Assignment of Error*

{¶5} The appellant filed his notice of appeal on October 7, 2019. Doc. 117. On appeal, Vanwinkle raises the following assignment of error:

**The trial court's imposition of consecutive sentences was not supported by the record**

He argues on appeal that the facts in the record do not support the trial court's findings that his actions constituted a course of conduct under R.C. 2929.14(C)(4)(b) or that the harm from his offense was so great that a single prison term would not reflect the seriousness of that offense under R.C. 2929.14(C)(4)(c).

*Legal Standard*

{¶6} R.C. 2929.14(C)(4) requires the trial court to make statutory findings prior to imposing consecutive sentences * * *." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 26. R.C. 2929.14(C)(4) reads, in its relevant part, as follows:

**(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:**

**(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.**

**(b) At least two of the multiple offenses were committed as part of one *or more* courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**

**(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

(Emphasis added.) R.C. 2929.14(C)(4). "[T]he record must contain a basis upon which a reviewing court can determine that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences." *Bonnell* at ¶ 28. However, "no statute directs a sentencing court to give or state reasons supporting imposition of consecutive sentences." *Id.* at ¶ 27.

{¶7} "Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence 'only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is

-4-

Case No. 17-19-20

otherwise contrary to law.'" *State v. Nienberg*, 3d Dist. Putnam No. 12-16-15 and 12-16-16, 2017-Ohio-2920, ¶ 8, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

> **Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.**

*State v. Taflinger*, 3d Dist. Logan No. 8-17-20, 2018-Ohio-456, ¶ 12, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118, at paragraph three of the syllabus (1954).

*Legal Analysis*

{¶8} We begin our analysis by noting that Vanwinkle was informed in his plea agreement that the maximum potential sentence that he faced was eight years in prison and that the trial court only imposed a sentence of two years. Doc. 94. At the sentencing hearing in this case, the trial court stated that

> **based upon a review of [Vanwinkle's] entire history that consecutive sentencing is necessary to protect the public from you and to punish you and that consecutive sentencing is not disproportionate to the seriousness of your conduct and to the danger you pose to the public. Quite frankly, if I didn't give you consecutive sentencing, you'd get no penalty at all for the crimes that * * * you committed in this county.**
>
> **The Court is also gonna find that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses were so great or so unusual that no single prison term reflects the * * ***

-5-

**seriousness of your conduct, and that your \* \* \* history of criminal conduct demonstrates that consecutive sentencing is necessary to protect the public from future crime from you.**

Tr. 16-17. Thus, the trial court found (1) that the offense was part of one or more courses of criminal conduct and that the harm of the offense was so great that a single prison term would not reflect the seriousness of the offense under R.C. 2929.14(C)(4)(b) and (2) found that consecutive sentencing was necessary to protect the public from future crime under R.C. 2929.14(C)(4)(c). R.C. 2929.14(C)(4)(b-c).

{¶9} Vanwinkle argues that the record does not support the trial court's finding under R.C. 2929.14(C)(4)(b) because the offense he committed in Shelby County and the offenses that he committed in Kentucky were not part of *one* course of criminal conduct. However, "R.C. 2929.14(C)(4)(b) applies to cases in which two or more offenses 'were committed as part of one *or more* courses of conduct,' meaning that the offenses in this case need not have been connected." (Emphasis sic.) *State v. McGinnis*, 2d Dist. Greene No. 2018-CA-35, 2019-Ohio-3803, ¶ 26. The record indicates that Vanwinkle committed the offense of aggravated possession of drugs in Shelby County and then committed multiple offenses in Kentucky, at the very least, several months later. Thus, these multiple offenses were committed in separate courses of conduct.

{¶10} However, the trial court did not impose consecutive sentences because it failed to understand that his offense in Shelby County was committed in a different

course of conduct from the multiple offenses committed in Kentucky. Rather, the trial court imposed consecutive sentences precisely because it recognized that these were separate courses of conduct. The trial court stated, "[q]uite frankly, if I didn't give you consecutive sentencing, you'd get no penalty at all for – for the crimes that –that you committed in this county." Tr. 16.

{¶11} For this reason, the trial court stated that, if it ran his sentence concurrently to those sentences imposed in Kentucky, Vanwinkle would only be punished for one of these courses of conduct and would, in effect, not be punished for his criminal conduct in Shelby County. The trial court determined that these multiple offenses were committed in separate courses of conduct and that Vanwinkle should receive some punishment for the course of conduct in which he committed the offense of drug trafficking in Shelby County. The wording of R.C. 2929.14(C)(4)(c) allows the trial court to order consecutive sentences in this exact type of situation. Thus, the trial court did not err in finding that R.C. 2929.14(C)(4)(c) was applicable in this case. Vanwinkle's argument is without merit.

{¶12} Vanwinkle also argues that the record does not support the trial court's finding under R.C. 2929.14(C)(4)(c) because he did not have a criminal history before the age of forty. However, the record indicates that Vanwinkle was found to be in possession of 1,044 tablets of oxycodone, forty-six tablets of alprazolam, and eleven half pieces of alprazolam. Doc. 1, 13. A police report indicated that

Vanwinkle was in possession of 69.4 times the bulk amount of oxycodone. Doc. 1. At the sentencing hearing, Vanwinkle explained that he had an accident and took opiates for pain management. Tr. 10, 11. He then encountered a number of setbacks in his personal life and became an addict. Tr. 12.

{¶13} At the sentencing hearing, the trial court acknowledged that Vanwinkle's "record is – is somewhat remarkable," saying that he

> **went 40 some years without – without any record at all of – of any consequence. I don't – I don't think we found anything at all, not even a traffic offense. But when you decided to go off the deep end, you went off the deep end * * * in a * * * big way with the number of – of offenses that you are sentenced for in – in Kentucky. So the Court certainly takes in – into consideration your – your lack of a previous record, criminal record.**
>
> **On the other hand, the Court has to take into consideration the huge quantity of drugs that you – you brought in – into this county. As – as you probably are well aware, the opiate crises is just – is just ongoing and it's persons bringing drugs into this community that continues to create that problem in – in this county.**

Tr. 16. Thus, the trial court noted the existing opioid crisis in considering the need to prevent Vanwinkle from visiting future harm on the public. After reviewing the evidence in the record, we conclude, there is some evidence in the record to support the trial court's finding.

*Conclusion*

{¶14} In the end, Vanwinkle has not shown by clear and convincing evidence that the imposition of consecutive sentences is unsupported by the record.

Vanwinkle's sole assignment of error is overruled. Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Shelby County Court of Common Pleas is affirmed.

**_Judgment Affirmed_**

**SHAW, P.J. and PRESTON, J., concur.**

**/hls**